**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| DRAKE A. EDWARDS,<br><br>Plaintiff,<br><br>vs.<br><br>GOODWILL IND,[1]<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-00314<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

## ORDER FOR AMENDED *IN FORMA PAUPERIS* APPLICATION

Plaintiff Drake Edwards recently submitted a Complaint and related documents to this Court. Plaintiff sues a former employer, alleging that he was fired for filing a workers' compensation claim, and that the employer failed to intervene when he was harassed for eight months. (Doc. No. 1-1 at PageID 6.) The resulting case is assigned to District Judge Michael J. Newman. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01.

Plaintiff Edwards is proceeding without the assistance of counsel. He has also asked to proceed *in forma pauperis* ("IFP") and without paying the fees to file the case. (*See* "IFP Application," Doc. No. 1.) Upon review, it appears that the IFP Application is incomplete. Plaintiff is therefore **ORDERED** to file an amended application.

---

[1] Plaintiff captions his Complaint against "Goodwill Ind Et al," but does not name any other defendants. The Court therefore omits the "et al" (meaning "[a]nd other persons") from the caption. *See* Black's Law Dictionary (12th ed. 2024).

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). The total fee amount for a civil action is $405, which consists of a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, District Court Miscellaneous Fee Schedule, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited August 26, 2026). The fees to file are generally due and paid when the case is opened.

However, a plaintiff who, because of their poverty, "cannot pay the fee may ask to proceed 'in forma pauperis,' a status that allows the litigant to pay the fee over time or sometimes not at all." *Crump,* 121 F.4th at 1110 (citing § 1915(a)-(b)). "Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be granted *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "But a litigant does have an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate that he should be granted *in forma pauperis* status." *Wright v. Watson*, No. 2:22-cv-4042, 2023 WL 3509656, at *2 (S.D. Ohio May 17, 2023), *report and recommendation adopted*, 2023 WL 4042170 (S.D. Ohio June 16, 2023). Moreover, "[a] plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form." *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022).

In his Application, Plaintiff Edwards alleges that he is not employed but received $200 over the last twelve months from "Hot Dogs Sales." (Doc. No. 1 at PageID 2.) He does not answer the question asking about prior employment. (*Id.*) Plaintiff states he has $5.23 in cash on hand or in an account. (*Id.* at PageID 3.)

Plaintiff states that he owns two pieces of real estate that he values at $23,000 and $3,200, respectively.[2] (Doc. No. 1 at PageID 3.) Plaintiff lists two creditors but does not provide the amount of those bills or any other bills that he pays on a monthly basis, such as utilities, insurance, or the like. (*Id.*) He does not disclose that he owns a vehicle or other assets, and does not indicate that he receives any income or money from any other source. It is unclear from the IFP Application how Plaintiff supports himself and provides for his basic needs. *See Bey v. Wilmington Sav. Fund Soc'y*, No. 1:25-cv-1299, 2025 U.S. Dist. LEXIS 166393, at *5 (N.D. Ohio Aug. 27, 2025) (denying IFP where a plaintiff "provides no information on how much support he receives from ... other individuals, or how he obtains food, utilities, clothing, transportation, medical care, and other expenses. Gifts and support from others qualifies as income for consideration of an IFP application.").

The Court **ORDERS** Plaintiff to complete fully and accurately an Amended Application to proceed *in forma pauperis* and then submit it to the Court **by September 28, 2026**. If he fails to respond to this order, the undersigned may recommend that the

---

[2] The Montgomery County Auditor's records reflect that Plaintiff owns three parcels of real estate, and that he purchased the first two together in 2025 for $79,000, and the second in 2000 for $20,500. *See* https://www.mcrealestate.org/search/commonsearch.aspx?mode=address (last visited August 26, 2026). These parcels match the addresses Plaintiff provides in his Application. (Doc. No. 1 at PageID 3.)

District Judge deny his IFP Application and order him to pay $405 to proceed with this case. In the alternative, Plaintiff may pay $405 to the Clerk of Court by **September 28, 2026**.

Plaintiff is **ADVISED** to promptly notify the Court if his or her mailing address changes while this case is pending. Plaintiff may wish to review the resources for *pro se* parties on the Court's website, https://www.ohsd.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

*s/Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge