**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| DRAKE A. EDWARDS, | : | Case No. 3:26-cv-00314 |
| Plaintiff, | : | District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| GOODWILL IND, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**
**TO DENY *IN FORMA PAUPERIS* APPLICATION**

On August 31, 2026, the undersigned Magistrate Judge ordered Plaintiff Drake Edwards to file an Amended Application to Proceed *In Forma Pauperis* (or IFP) in this case. (Doc. No. 2.) The undersigned identified several issues with Plaintiff's original Application (Doc. No. 1), including that some questions were not answered, the value of some assets appeared understated, and it was unclear how Plaintiff supports himself and provides for his basic needs. (*Id.*)

Plaintiff's Amended Application was due on September 28, 2026. (Doc. No. 2.) Plaintiff was warned that "[i]f he fails to respond to this order, the undersigned may recommend that the District Judge deny his IFP Application and order him to pay $405 to proceed with this case." (*Id.* at PageID 16-17.) Nonetheless, to date, Plaintiff has not filed an Amended Application.

Failure to comply with a Court order could justify dismissal of a case. Rule 41(b) of the Federal Rules of Civil Procedure "permits the court to involuntarily dismiss an

action if a plaintiff fails to prosecute his case or to comply with a court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008). "District courts also have the inherent power to *sua sponte* dismiss civil actions for want of prosecution [in order to] to manage their own affairs [and] achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

The undersigned does not recommend that this case be dismissed for failure to comply with a Court order. However, because the information before the Court does not establish that Plaintiff should be granted IFP status (*see* Doc. No. 2), the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Application to Proceed *In Forma Pauperis*. (Doc. No. 1.) Plaintiff has failed to answer all the questions on the Application. *See West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022) ("A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form."). Consequently, the Court does not have a clear picture of Plaintiff's financial status, and that lack of clarity prevents the Court from determining whether he qualifies to proceed *in forma pauperis* here. The undersigned therefore **RECOMMENDS** that the Court **ORDER** Plaintiff to file $405 by a date certain if he wants to proceed with this case.

Plaintiff may file Objections to these recommendations as described in the section below. He is **REMINDED** that he must promptly notify the Court if his mailing address changes while this case is pending.

**IT IS SO RECOMMENDED**.

*s/Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).